UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JENNIE P. MOORE,                )
                                )
          Plaintiff,            )
                                )
     v.                         )    C.A. No. 05-40123-FDS
                                )
BRIGHAM AND WOMEN'S HOSPITAL,   )
                                )
          Defendant.            )
                                )

ORDER ON APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES

For the reasons stated below, the Court denies without prejudice the plaintiff's application to proceed without prepayment of the filing fee. No summons shall issue at this time, pending plaintiff's compliance with this Order with respect to the filing fee issues.

DISCUSSION

On July 27, 2005, plaintiff Jennie P. Moore filed an employment discrimination complaint accompanied by an Application to Proceed Without Prepayment of Fees.

A litigant filing a complaint in this Court must either (1) pay the $250.00 filing fee for such actions or (2) file an application to proceed in forma pauperis. See 28 U.S.C. § 1914 ($250.00 filing fee); § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized, double-sided form for fee waiver applications entitled "Application to Proceed Without Prepayment of the Filing Fee and Affidavit."

Here, plaintiff's application indicates that she is on medical leave from her employer and that she now receives workers' compensation benefits in the amount of $429.99 per week. The application reveals that plaintiff has $500 in a bank account, owns a home valued at $450,000 as well as a car valued at $50,000. During the past twelve months, plaintiff received disability payments of $1,260. Finally, the application indicates that plaintiff is married and that she contributes payments for "bills in the house and life insurances."

Based on the current disclosures, the Court finds she has not demonstrated that she is without sufficient funds to pay the filing fee, and the Application to Proceed Without Prepayment of fees is denied without prejudice.

Plaintiff may submit a new Application to Proceed Without Prepayment of Fees and include in that application a more detailed financial statement. Any new application should include specific information concerning the real estate owned by plaintiff in whole or in part, the value of such property, and the current equity owned by plaintiff and/or her spouse. Plaintiff shall also disclose whether she possesses any credit cards, along with the balance owed and credit limits, in order for this Court to determine whether charging the filing fee to her credit card is a viable option, in the event that

plaintiff's assets cannot be readily liquified.[1]

Additionally, in considering an application to waive the filing fee, "a court may consider the resources that the applicant has or "can get" from those who ordinarily provide the applicant with the "necessities of life," such as "from a spouse, parent, adult sibling or other next friend."" Fridman v. The City of New York, 195 F. Supp. 534, 537(S.D.N.Y. 2002) quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978) (other citations omitted). Therefore, since this Court may consider the assets of a supporting spouse in determining whether a litigant is entitled to in forma pauperis status, if plaintiff seeks to renew her request, she shall provide financial disclosures of her spouse.

## CONCLUSION

ACCORDINGLY, plaintiff's application to proceed without prepayment of fees is DENIED without prejudice. If plaintiff wishes to proceed with this action, she shall, within 35 days of the date of this Order, either pay the $250 filing fee or file a new, fully completed application to proceed without prepayment of fees. If plaintiff fails to submit a new application or pay the

---

[1] The Clerk's Office accepts payment of the filing fee through credit cards. Thus, even if plaintiff cannot readily produce the filing fee, she may have a viable option of charging the fee to her credit card, and make payments to that credit company in installments. Such financial arrangement may ameliorate any draconian effect the imposition of the entire $250.00 filing fee might have on the plaintiff.

filing fee, this action will be dismissed without prejudice.

SO ORDERED.

Dated at Worcester, Massachusetts, this 3d day of August, 2005.

                                                F. DENNIS SAYLOR IV
                                                UNITED STATES DISTRICT JUDGE