UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (WORCESTER)

JENNIE P. MOORE,

    Plaintiff,

v.

BRIGHAM & WOMEN'S HOSPITAL,

    Defendant.

05-CV-40123 FDS

**DEFENDANT'S MOTION TO DISMISS**

The Defendant, Brigham & Women's Hospital ("Defendant"), hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), that this Court dismiss the Complaint filed by the Plaintiff, Jennie P. Moore ("Plaintiff"), on grounds that it fails to state a claim upon which relief can be granted. Even when applying the more liberal standard afforded to pro se litigants, the Plaintiff's Complaint does not set forth any set of facts that would entitle her to relief.[1]

Read liberally, the Complaint alleges that the Plaintiff was demoted from a supervisory to a non-supervisory position by her manager, who relied on false statements by another employee about the Plaintiff's performance, in violation of 42 U.S.C. § 1981. The Plaintiff's Complaint is deficient, inter alia, because it does not allege that she is a member of a protected class, or that the actions of her manager, or the employee who allegedly made false statements about her, were motivated by race. As such, the Complaint should be dismissed.

---

[1] As additional grounds, the Summons and Complaint in this matter were not served on the Defendant in the manner or time frame required by Fed. R. Civ. P. 4. Among other things, service was attempted by the pro se Plaintiff herself, who is not a disinterested party, was sent by mail, and was not completed within 120 days of the Plaintiff's filing of the Complaint. The Defendant, however, has agreed to waive those deficiencies and accept service, and the Plaintiff has conceded that this Rule 12(b)(6) motion is timely.

## FACTS

The following facts are taken from the Complaint, read liberally, and taken as true for purposes of this motion.

The Plaintiff was employed by the Defendant, Brigham & Women's Hospital as supervisor of the phlebotomy team. On or about August 23, 2001, the Plaintiff was paged by a nurse who told her that another phlebotomist had refused to draw blood from a patient, and had also been rude. The Plaintiff told the nurse that the she would draw the blood herself, and speak to the phlebotomist, which she did. The Plaintiff called her manager, told her about the phlebotomist who had refused to draw blood, and asked for a meeting to discuss it. The manager invited the Plaintiff to come see her in her office.

When the Plaintiff arrived in her manager's office, she found her manager "in a rage, beat red, sitting and waiting for me." The manager told the Plaintiff that the phlebotomist had called the manager and complained that the Plaintiff had "screamed at her" on the phone. The Plaintiff denied having done so and the manager arranged a meeting for the three of them to discuss it further. At that meeting, the phlebotomist repeated her allegation which the Plaintiff again contested as untrue. The manager asked the Plaintiff a question and the Plaintiff refused to answer. The manager then asked the Plaintiff for her time sheets. The Plaintiff left the meeting and asked to be notified when the manager was done talking to the phlebotomist. When the Plaintiff had not heard from the manager after a half hour, the Plaintiff went to her manager's office and criticized the manager's behavior and said that it was causing "dysfunction" in the workplace between the Plaintiff and the phlebotomist.

The manager directed the Plaintiff to return at 2:00 p.m. for a meeting. The Plaintiff asked that human resources, the director of the lab, and the manager's manager all be present at

the meeting. The manager refused that request. At the meeting, the manager demoted the Plaintiff from supervisor to senior phlebotomist, with a commensurate cut in pay.

The Plaintiff alleges that she has been employed by Brigham & Women's hospital since 1983, had been a supervisor for sixteen years, and never had any problems until this manager arrived. The Plaintiff alleges that the manager should not have demoted her because the phlebotomist, who was white, had lied. The Plaintiff alleges that the manager had been against her from the moment that she came into the department and had started secretly meeting with the staff. The Plaintiff alleges that the manager should have been "more professional" and that she should have "asked me to resign from my position if she felt that I was not doing my job and not put me through the head ach [sic] and heart ach [sic] what she did not [sic] me."

## ANALYSIS

I.   Standard for Motion to Dismiss Pro Se Complaint.

A Court may dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Baxter v. Conte, 190 F. Supp. 2d 123 (D. Mass. 2001) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)) (citations omitted). When examining the sufficiency of a pro se complaint, federal courts apply less stringent standards. Id. (citing Haines v. Kerner, 404 U.S. 519, 520-21, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972) (per curiam); Raineri v. U.S., 233 F.3d 96, 97 (1st Cir. 2000)). "However, a plaintiff, even one proceeding pro se, may not rely on bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation. In addition, the duty to be less stringent does not require [the court] to conjure up implied allegations." Id. (citations omitted). In the instant case, the Plaintiff's Complaint fails to set forth essential elements of a claim for race discrimination in violation of 42 U.S.C. § 1981, and therefore must be dismissed.

> II.   The Complaint Fails to Set Forth The Essential Elements of a Claim for Violation of 42 U.S.C. § 1981.

In order to set forth a claim for race discrimination in employment, pursuant to 42 U.S.C. § 1981, the Plaintiff must allege that: (1) she is a member of a racial minority; (2) that the defendant discriminated against her on the basis of her race; and (3) that the discrimination implicated one or more of the activities enumerated in the statute [42 U.S.C. § 1981]." Garrett v. Tandy Corporation d/b/a Radio Shack, 295 F.3d 94, 98 (1st Cir. 2002). Accord Goodman v. Bowdoin College, 380 F.3d 33, 43 (1st Cir. 2004) (setting forth elements of § 1981 claim). In the instant case, even a liberal reading of the Complaint reveals that the Plaintiff has failed to allege at least two of the necessary elements of her claim, *viz.*, that she is a member of a racial minority and that the Defendant discriminated against her on the basis of her race. Thus, the Complaint must be dismissed.

The Plaintiff alleges that she was demoted from a supervisory position by her manager based upon lies told to the manager by a subordinate. Even if, as the Plaintiff alleges, her manager erroneously believed the subordinate phlebotomist's version of events instead of the Plaintiff's version, the Plaintiff has not set forth a claim for race discrimination. As often stated by the First Circuit, "courts may not sit as super personnel departments, assessing the merits -- or even the rationality of employers' nondiscriminatory business decisions." Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 21-22 (1st Cir. 1999) (affirming dismissal of Section 1981 claims) (citation omitted). See also Wyse v. Summers, 100 F. Supp. 2d 69, 77 (D. Mass. 2000) (action based on erroneous information does not constitute race discrimination). The Complaint does not allege that the decisionmaker was motivated by racial animus.

In some circumstances, an employer may be held liable for actions taken by a neutral decisionmaker if the decision was based upon inaccurate, misleading or incomplete information

provided by another person with discriminatory animus, a theory commonly known as the "cat's paw." Cariglia v. Hertz Equipment Rental Corp., 363 F.3d 77, 83 (1st Cir. 2004). See Harlow v. Potter, 353 F. Supp. 2d 109, 116-117 (D. Me. 2005) (applying "cat's paw" and collecting cases). In the instant case, however, the Plaintiff does not allege that the subordinate phlebotomist harbored any racially discriminatory animus. In fact, the Plaintiff has not even alleged her own race in the Complaint. The Plaintiff's bare allegations that the phlebotomist is "white" and that she lied, without any allegation of racial animus, are insufficient to state a claim.

The only indication in the Complaint that the Plaintiff intends to pursue a civil rights claim for race discrimination in employment is her reference to "42-1981" on the first page of the Complaint. This is insufficient to state a claim as even a pro se plaintiff must "at least outline the facts constituting the alleged violation." Gabrieal v. Hochenberg, 1980 U.S. Dist. LEXIS 13536 (D. Mass. 1980) (dismissing pro se plaintiff's civil rights complaint for failure to state a claim). Thus, even applying the more liberal standard applicable to pro se plaintiffs, the Complaint in this case should be dismissed. See Cloud v. Community Works, 1998 U.S. App. LEXIS 3257 (D. Mass. 1998) (dismissing pro se plaintiff's Section 1981 claims for employment discrimination for failure to state a claim). See also Fease v. Shrewsbury, 188 F. Supp.2d 16, 17-18 (D. Mass. 2002) (dismissing pro se plaintiff's civil rights claims for failure to state a claim); Baxter, 190 F. Supp. 2d at 129 (dismissing pro se plaintiff's claim under Sections 1983 and 1985 for failure to state a claim).

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Defendant requests that this Honorable Court dismiss the Plaintiff's Complaint, pursuant to Fed. R. 12(b)(6), for failure to state a claim upon which relief can be granted.

Respectfully submitted,

BRIGHAM & WOMEN'S HOSPITAL,

By its Attorneys,

PRINCE, LOBEL, GLOVSKY & TYE LLP

By      */s/ Jeffrey A. Dretler*
   Jeffrey A. Dretler, BBO# 558953
   585 Commercial Street
   Boston, MA  02109
   (617) 456-8000

LOCAL RULE 7.1 CERTIFICATION

I, Jeffrey A. Dretler, counsel for the Defendant, Brigham & Women's Hospital, do hereby certify that on January 6, 2006, I had a telephone conference with Jennie P. Moore, pro se Plaintiff in this matter, and attempted in good faith to resolve or narrow the issues presented in this motion.

  */s/ Jeffrey A. Dretler*
  Jeffrey A. Dretler

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 6th day of January, 2006.

  */s/ Jeffrey A. Dretler*
  Jeffrey A. Dretler