UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIE P. MOORE,                         )<br>                                                    )<br>            Plaintiff,                           )<br>                                                    )    Civil Action No.<br>            v.                                    )    05-40123-FDS<br>                                                    )<br>BRIGHAM & WOMEN'S HOSPITAL,  )<br>                                                    )<br>            Defendant.                       )  | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a civil rights case brought under 42 U.S.C. § 1981. Plaintiff Jennie P. Moore, proceeding *pro se,* is a phlebotomist at defendant Brigham & Women's Hospital in Boston. She alleges in substance that her manager at the hospital, relying on false statements from another employee about Moore's job performance, demoted her form a supervisory position to a non-supervisory position.

Defendant has moved to dismiss the claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff has not opposed the motion. For the reasons that follow, the Court will dismiss the complaint without prejudice, but will grant plaintiff an opportunity to file an amended complaint curing the deficiencies described below.

**I.      Standard of Review**

A claim should be dismissed pursuant to Rule 12(b)(6) "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to

relief.'" *Roeder v. Alpha Indus., Inc.*, 814 F.2d 22, 25 (1st Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In considering the merits of the motion, the Court must "assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit the plaintiff's stated theory of liability." *Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005).  Although the pleading standards may be relaxed somewhat for *pro se* litigants, *see, e.g.*, *Baxter v. Conte*, 190 F. Supp. 2d 123, 126 (D. Mass. 2001), the Court is not required to "conjure up implied allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Plaintiff's complaint, like all complaints, must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  *See also* Fed. R. Civ. P. 8(a).

**II.     Analysis**

Plaintiff brings this claim under 42 U.S.C. § 1981, which, prohibits, among other things, public and private racial discrimination in employment relationships.[1]  *See Danco, Inc. v. Wal-Mart Stores, Inc.*, 178 F. 3d 8, 13-14 (1st Cir. 1999) (discussing § 1981 in employment context).  "To state a claim under this statute, a plaintiff must show (1) that [she] is a member of a

---

[1] Section 1981, as amended, states in relevant part:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . .

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

. . .

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

racial minority, (2) that the defendant discriminated against [her] on the basis of his race, and (3) that the discrimination implicated one or more of the activities enumerated in the statute." *Garrett v. Tandy Corp.*, 295 F.3d 94, 98 (1st Cir. 2002).

    Defendant has moved to dismiss on grounds that the plaintiff's complaint, even read liberally, does not satisfy either of the first two requirements.  The motion is well founded.  On its face, the complaint sets forth what appears to be a fairly typical employment dispute.  *See Rodriguez-Cuervos v. Wal-Mart Stores, Inc.*, 181 F.3d 15, 22 (1st Cir. 1999) (noting that in Title VII actions, "[c]ourts may not sit as super personnel departments, assessing the merits-or even the rationality of employers' nondiscriminatory business decisions.") (internal quotation marks omitted).  It does not specify the race of the plaintiff, nor does it allege that her demotion was motivated by racial animus.  *Cf. Garrett*, 295 F.3d at 100-101 (referring to allegation of discriminatory animus as one of the "foundational pleading requirements for a suit under section 1981").  In fact, the only specific reference to race is plaintiff's statement that the employee who provided the purportedly false information is white.

    Thus, the complaint, in its current form, is clearly deficient and must be dismissed.  However, the Court cannot rule out the possibility that plaintiff could cure the deficiencies in an amended complaint.  *See Cruz v. Gomez*, 202 F.3d 593, 596-98 (2d Cir. 2000); CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 at 733 (3d 2004).  Accordingly, plaintiff will be granted a period of 30 days in which to file an amended complaint that cures the deficiencies in the complaint.  Failure to do so will result in dismissal with prejudice of her claim.

### III.     Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss will be GRANTED without prejudice to Plaintiff's filing an amended complaint within 30 days of the date of this Order.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: June 16, 2006